**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| PRANASH (TIANJIN) TECHNOLOGY DEVELOPMENT CO., LTD., | |
| Plaintiff, | Case No: 25-cv-13023 |
| v. | JURY TRIAL DEMANDED |
| THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS, and UNINCORPORATED ASSOCIATES IDENTIFIED ON SCHEDULE "A," | |
| Defendants. | |

**<u>COMPLAINT</u>**

Plaintiff Pranash (Tianjin) Technology Development Co., Ltd. ("Plaintiff") brings this action for design patent infringement, unjust enrichment under Illinois common law, and unfair competition under Illinois common law against the Individuals, Corporations, Limited Liability Companies, Partnerships, and Unincorporated Associations identified on Schedule A (collectively, "Defendants"), which is being filed under seal and incorporated herein by reference:

I.    **INTRODUCTION**

1.    Plaintiff brings this action to enjoin and remedy the unauthorized sale of products that infringe its patented design. Plaintiff is the owner, by assignment, of all right, title, and interest in U.S. Design Patent No. D948,061 S (the "'061 Patent"). A true and correct copy of the '061 Patent is attached as Exhibit A.

2.    Plaintiff has incurred, and continues to incur, irreparable harm from Defendants' unauthorized sales. These activities diminish Plaintiff's market share, erode goodwill, and harm

the value of its design patent rights. Plaintiff seeks injunctive and monetary relief to stop the ongoing infringement and prevent further unlawful exploitation of the protected design.

## II.     THE PARTIES AND FACTUAL BACKGROUND

3.      Plaintiff is a Chinese company with its principal place of business at Gate 2, Building D, No. 1 Gonghua Road, Huayuan Industrial Zone, Binhai High-tech Zone, Tianjin, China. Plaintiff owns the '061 Patent. See Ex. A.

4.      The '061 Patent issued on April 5, 2022. See Ex. A.

5.      The '061 Patent is valid and enforceable and is entitled to a presumption of validity under 35 U.S.C. § 282.

6.      The '061 Patent discloses and claims an ornamental design for spinal correction straps.

7.      Plaintiff designs, manufactures, markets, and sells products related to health and wellness, including spinal adjustment and posture-correcting straps.

8.      Plaintiff sells products that embody the '061 Patent (collectively, "Plaintiff's Products") to consumers through online marketplaces, including Amazon.com and Alibaba.com, and also licenses the patented design to authorized manufacturers and retailers. Representative images of Plaintiff's Products appear below:



*Figure 1*



*Figure 2*



*Figure 3*

9.    Plaintiff provides notice of its patent rights by putting the patent number in the product description of products it sells through online marketplaces. *See* Figure 4, below.

**About this item**
- 【posture corrector】 The back corrector is specifically designed for hunchback caused by incorrect posture, US Patent Number: D948061S , This upper back brace is particularly suitable for people with a slight hunch, those looking down, and those who work long hours. You can wear this lazy shoulder strap all day and feel very comfortable!

*Figure 4*

10.    Plaintiff actively monitors online marketplaces for infringement and has identified numerous storefronts selling unauthorized versions of its product, including on Amazon. A true and correct copy of representative screenshots of Defendants' interactive listings is attached as Exhibit B (filed under seal).

11.    Defendants operate fully interactive storefronts on major e-commerce platforms, including Amazon, advertise and sell the accused products to U.S. consumers, and offer shipment to Illinois. Although seller names vary, the listings share consistent features such as substantially similar product designs, advertising content, and formatting, reflecting a unified commercial approach directed to the U.S. market. See Ex. B.

12.     Plaintiff conducted test purchases to Illinois from multiple Defendants identified in the sealed Schedule A. A true and correct copy of the related order confirmations and shipping records showing delivery to Chicago, Illinois is attached as Exhibit D (filed under seal).

13.     On information and belief, each Defendant, acting individually or in coordination with others, operates one or more of the storefronts identified in the sealed Schedule A. The accused listings and units acquired through test purchases display the ornamental features claimed in the '061 Patent. See Exs. B, D.

14.     Defendants use tactics to conceal their identities and the scope of operations, including the use of aliases and foreign jurisdictions. Many appear to operate from abroad and rely on the scale and anonymity of global platforms to delay enforcement.

15.     Recurring features across listings include similar product shapes and dimensions, replicated advertising language, shared pricing patterns, consistent visual layouts, and comparable checkout workflows. These similarities indicate a common source of manufacture or supply and coordinated sales activity. See Ex. B.

16.     Available evidence also shows the use of multiple aliases across platforms and routing of payments through third-party processors and offshore accounts, which complicates efforts to trace activities. None of the Defendants is licensed or otherwise authorized by Plaintiff. Defendants' conduct diverts customers, erodes market position, and infringes Plaintiff's exclusive design rights.

17.     Since Defendants conceal identifying information, Plaintiff cannot fully ascertain their connections at this stage. If any Defendant appears and provides verified information, Plaintiff will amend this Complaint as appropriate.

## III.     JURISDICTION AND VENUE

18.     This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a) because the claims arise under the Patent Act, 35 U.S.C. § 1 et seq. The Court has supplemental jurisdiction over the related unjust enrichment and unfair competition claims under 28 U.S.C. § 1367(a) because they form part of the same case or controversy.

19.     Venue is proper in this District under 28 U.S.C. § 1391, including § 1391(b)(2) because a substantial part of the events giving rise to the claims occurred here, and § 1391(c)(3) because many Defendants are non-residents of the United States. To the extent 28 U.S.C. § 1400(b) applies, Defendants have committed acts of infringement in this District.

20.     This Court has personal jurisdiction because each Defendant operates one or more interactive online storefronts under the Seller Aliases identified in Schedule A, targets U.S. consumers, and offers and ships the accused products into Illinois. Plaintiff conducted test purchases delivered to Chicago, Illinois, confirming purposeful direction of sales into this forum. See Ex. D. In the alternative, for any Defendant not subject to jurisdiction in any state's courts of general jurisdiction, personal jurisdiction is proper under Fed. R. Civ. P. 4(k)(2) based on nationwide contacts arising from the accused sales.

## IV.     JOINDER OF DEFENDANTS

21.     Joinder is proper under Fed. R. Civ. P. 20(a)(2) because the claims against Defendants arise out of the same transaction, occurrence, or series of transactions. Defendants offer for sale and sell materially indistinguishable products that embody the '061 Patent, using similar listing formats, pricing, and checkout flows directed to U.S. consumers, including shipments to Illinois. See Ex. B; Ex. D. On information and belief, several defendants share the same locality or region, as indicated in the sealed Schedule A, which is consistent with a common

source of manufacture and coordinated sales activity. Common questions of law and fact predominate, and proceeding in a single action promotes judicial economy, avoids duplicative discovery, and reduces the risk of inconsistent results.

## COUNT I
### PATENT INFRINGEMENT UNDER 35 U.S.C. § 271

22.     Plaintiff incorporates by reference paragraphs 1 through 21 as though fully set forth herein.

23.     Plaintiff avers that Defendants have made, used, offered to sell, sold, and/or imported into the United States products that infringe the '061 Patent, without authorization or license, in violation of 35 U.S.C. § 271(a).

24.     Plaintiff avers that the accused products embody the ornamental features claimed in the '061 Patent. A true and correct copy of a claim comparison chart illustrating this infringement is attached as Exhibit C.

25.     Plaintiff avers that Defendants have offered for sale, sold, and/or imported the accused products into the United States, including shipments into the State of Illinois.

26.     Plaintiff avers that, as a direct and proximate result of Defendants' conduct, it has suffered harm, including reduced marketplace visibility, diversion of customers, and disruption of established sales channels, and has been deprived of its right to exclude others from exploiting the patented design.

27.     Plaintiff avers that Defendants' continued infringement, despite the public availability of the '061 Patent and notice provided by this action, demonstrates willful disregard of Plaintiff's rights.

28.     Plaintiff is entitled to injunctive relief pursuant to 35 U.S.C. § 283, because monetary relief alone is inadequate to remedy the irreparable harm caused by ongoing infringement, including loss of market share, erosion of exclusivity, and damage to goodwill.

29.     Pursuant to 35 U.S.C. § 289, Plaintiff seeks Defendants' total profits from the sale of the infringing articles. In the alternative, and without waiver, Plaintiff seeks damages adequate to compensate for infringement under 35 U.S.C. § 284, in no event less than a reasonable royalty.

30.     Plaintiff requests judgment in its favor on this Count, an award of all available legal and equitable relief for infringement of the '061 Patent, including the remedies set forth above, and such further relief as the Court deems just and proper.

**COUNT II**
**UNJUST ENRICHMENT UNDER ILLINOIS COMMON LAW**

31.     Plaintiff incorporates by reference paragraphs 1 through 30 as though fully set forth herein.

32.     Plaintiff avers that it has invested substantial time, effort, and financial resources in developing, commercializing, and protecting the design claimed in the '061 Patent.

33.     Plaintiff avers that its products embody a distinctive ornamental design protected by the '061 Patent and have accumulated goodwill and marketplace recognition.

34.     Plaintiff avers that Defendants offered and sold unauthorized products that copy Plaintiff's patented design, diverting consumer attention and sales, and leveraging Plaintiff's goodwill and marketplace presence.

35.     Plaintiff avers that Defendants knew or should have known their products imitated Plaintiff's patented design and that such imitation would attract customers and enhance Defendants' listing visibility and performance metrics.

36.     Plaintiff avers that Defendants thereby obtained a benefit in the form of increased traffic, sales, and marketplace positioning that was derived from Plaintiff's investment and reputation, without authorization or compensation.

37.     Plaintiff avers that it has not been compensated for this benefit and has suffered harm, including loss of market share, sales, and goodwill.

38.     Plaintiff avers, in the alternative to its patent claim, that Defendants' retention of the above benefits would be unjust and inequitable under the circumstance.

39.     Plaintiff seeks equitable relief under Illinois law, including restitution and disgorgement of ill-gotten gains, and such other relief as the Court deems just and appropriate.

## COUNT III
## UNFAIR COMPETITION UNDER ILLINOIS STATE COMMON LAW

40.     Plaintiff incorporates by reference paragraphs 1 through 39 as though fully set forth herein.

41.     Plaintiff avers that it has invested substantial time, effort, and resources in developing, promoting, and protecting the unique ornamental design embodied in the '061 Patent.

42.     Plaintiff avers that Defendants have engaged in unfair competitive conduct by marketing and selling products that closely imitate Plaintiff's patented design through interactive online storefronts, misleading consumers into believing the products originate from, or are affiliated with, Plaintiff.

43.     Plaintiff avers that Defendants have intentionally traded on Plaintiff's reputation and goodwill by using similar visual formats, advertising content, and pricing strategies designed to divert sales.

44.    Plaintiff avers that Defendants have misappropriated the benefits of Plaintiff's intellectual property and commercial investment, causing consumer confusion, harming Plaintiff's brand, and eroding its market position.

45.    These acts constitute unfair competition under Illinois common law and have caused measurable harm, including lost sales, impaired goodwill, and disruption to Plaintiff's ability to control the presentation and sale of its patented products.

46.    Plaintiff respectfully requests all available relief under Illinois law, including compensatory damages, restitution or disgorgement of ill-gotten gains, injunctive relief, and such other relief as the Court deems just and proper.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in its favor and against Defendants and grant the following relief:

1.    That Defendants, their officers, agents, servants, employees, attorneys, affiliates, and all persons acting in concert or participation with them, be temporarily, preliminarily, and permanently enjoined from:

    a.   manufacturing, using, offering for sale, selling, or importing into the United States any products that infringe the '061 Patent; and

    b.   aiding, abetting, inducing, encouraging, or otherwise facilitating infringement of the '061 Patent.

2.    That, upon Plaintiff's request, third parties with notice of the injunction, including online marketplaces and platforms such as Amazon, be ordered to disable and remove listings, advertisements, or offers for infringing products associated with Defendants.

3.      That the Court enter judgment that Defendants have infringed the '061 Patent, and that such infringement was willful.

4.      That Plaintiff be awarded monetary relief consisting of Defendants' total profits under **35** U.S.C. § 289, or, in the alternative and without waiver, damages adequate to compensate for infringement under 35 U.S.C. § 284, together with pre- and post-judgment interest and costs.

5.      That the Court award enhanced damages under 35 U.S.C. § 284 based on willful infringement.

6.      That the Court declare this case exceptional under 35 U.S.C. § 285 and award Plaintiff its reasonable attorneys' fees and costs.

7.      That the Court find Defendants have been unjustly enriched at Plaintiff's expense and order appropriate equitable relief, including restitution or disgorgement.

8.      That the Court find Defendants engaged in unfair competition under Illinois common law and award appropriate relief.

9.      That the Court award such further legal and equitable relief as the Court deems just and proper.

### JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.


Dated: October 24, 2025                    Respectfully submitted,

                                            /s/Alexander Warden
                                            Alexander Warden, Esq.
                                            Alexander.warden@walflaw.com
                                            West Atlantic Law Firm, PLLC
                                            104 West 40th Street, 4th and 5th Floor
                                            New York, NY 10018
                                            *Attorney for Plaintiff Pranash (Tianjin)*
                                            *Technology Development Co., Ltd.*